UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN OWNBEY,  Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 23-3107 ) |
| AMY GOTSCHALL,  Defendant | ) ) ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has filed a complaint pursuant to 42 U.S.C.§1983 against one Defendant who Plaintiff claims accused him of sexual assault. A jury recently considered the claims and Plaintiff says he was found not guilty of sexual assault. Therefore, Plaintiff says the Defendant violated his rights because she committed perjury during the trial, and she is responsible for his "false imprisonment." (Comp., p. 5).

The Court takes judicial notice of *People v. Ownbey*, Case No. 2019 CF 91, in Cass County, Illinois.[1]  At the conclusion of a March 9, 2023 jury trial, Plaintiff was found not guilty of four counts of either Criminal Sexual Assault or Aggravated Criminal Sexual Assault.  However, Plaintiff was found guilty of two additional counts of Aggravated Domestic Battery against the same individual.  Plaintiff remains in custody and will be sentenced on May 5, 2023.

Plaintiff has failed to state a violation of his constitutional rights.  Witnesses are immune from liability under 42 U.S.C. § 1983 for testimony given in a criminal proceeding "even if the witness knew the statements were false and made them with malice." *Briscoe v. LaHue,* 460 U.S. 325, 332 (1983); *see also Knox v. Curtis*, 771 Fed.Appx. 656, 657–58 (7th Cir. 2019); *Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017); *Sanders v. Peoria County States Atty.*, 2023 WL 2699960, at *1 (C.D.Ill. March 29, 2023).

In addition, a complaint filed pursuant to §1983 must allege a plaintiff's rights were violated by a person acting under color of state law. *See Wyatt v Cole*, 504 U.S. 158, 161 (1992) (§1983's purpose is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights...").  Plaintiff does not allege the Defendant, a private citizen, was acting under color of state law. *See Ealy v. Griffin*, 803 Fed.Appx. 41, 42 (7th Cir. 2020)(trial witnesses "were not state actors subject to liability under § 1983."): *Hughes v. Meyer,* 880 F.2d 967, 972 (7th Cir.1989) (private party does not become a state actor by calling on the law for assistance); *Grow*

---

[1] JUDICI, Cass County, https://www.judici.com/courts/cases, (last visited April 5, 2023)

*v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)(a private citizen does not become a state actor simply by reporting a crime which police reply on to make an arrest).

Finally, Plaintiff has failed to articulate a "false imprisonment" claim as he was found guilty of Aggravated Domestic Battery. *See i.e. Heck v. Humphrey*, 512 U.S. 477 (1994).

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed. All pending motions are denied as moot ([5], atty).

2) This dismissal may count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 5th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE